# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| EIRE OG INNOVATIONS LTD.<br>v.<br>CISCO SYSTEMS, INC. | Case No. 2:24-cv-00224-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| EIRE OG INNOVATIONS LTD.<br>v.<br>FORTINET, INC. | Case No. 2:24-cv-00225-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| EIRE OG INNOVATIONS LTD.<br>v.<br>INTERNATIONAL BUSINESS MACHINES CORPORATION | Case No. 2:24-cv-00226-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| EIRE OG INNOVATIONS LTD.<br>v.<br>PALO ALTO NETWORKS, INC. | Case No. 2:24-cv-00227-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS CISCO SYSTEMS, INC., FORTINET, INC., INTERNATIONAL BUSINESS MACHINES CORPORATION, AND PALO ALTO NETWORK, INC.'S MOTION TO COMPEL EIREOG'S AUGUST 23, 2023 VALUATION OF THE ASSERTED PATENTS**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1
II. FACTUAL BACKGROUND ..........................................................................................1
III. LEGAL STANDARDS ...................................................................................................4
IV. ARGUMENT ...................................................................................................................5
    A. Attorney-Client Privilege ....................................................................................5
    B. Work Product .......................................................................................................6
V. CONCLUSION ................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Auclair*,
   961 F.2d 65 (5th Cir. 1992) ..................................................................................................6

*Diagnostics Sys. Corp. v. Symantec Corp.*,
   No. 06-1211, 2008 WL 9396387 (C.D. Cal. Aug. 12, 2008) ...................................................7

*United States v. El Paso Co.*,
   682 F.2d 530 (5th Cir. 1982) ..................................................................................................4

*Elec. Data Sys. Corp. v. Steingraber*,
   No. 4:02 CV 225, 2003 WL 21653414 (E.D. Tex. July 9, 2003) ...............................................5

*Equal Emp. Opportunity Comm'n. v. BDO USA, L.L.P.*,
   876 F.3d 690 (5th Cir. 2017) ..................................................................................................4

*Fenner Invs., Ltd. v. Juniper Network, Inc.*,
   No. 2:05-CV-5, 2006 WL 8440695 (E.D. Tex. Sept. 14, 2006) ...............................................7

*United States v. Fluitt*,
   99 F.4th 753 (5th Cir. 2024) ..................................................................................................4

*In re Kaiser Aluminum & Chem. Co.*,
   214 F.3d 586 (5th Cir. 2000) ..................................................................................................4

*Navigant Consulting, Inc. v. Wilkinson*,
   220 F.R.D. 467 (N.D. Tex. 2004) ..........................................................................................5

*Oxygenator Water Techs., Inc. v. Tennant Co.*,
   No. 20-CV-358, 2023 WL 11959150 (D. Minn. July 25, 2023) ...............................................6

*Pacamor Bearings, Inc. v. Minebea Co., Ltd.*,
   918 F.Supp. 491 (D. N.H. 1996) ............................................................................................7

*ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*,
   242 F.R.D. 357 (E.D. Tex. 2007) ..........................................................................................6

*United States v. Robinson*,
   121 F.3d 971 (5th Cir. 1997) ..................................................................................................5

*Thought, Inc. v. Oracle Corp.*,
   2014 WL 3940294 (N.D. Cal. Aug. 11, 2014) ......................................................................6

*TravelPass Group, LLC v. Caesars Enter. Corp.*,
    No. 5:18-CV-153-RWS-CMC, 2021 WL 4032982 (E.D. Tex. May 11, 2021) .........................5

I.     **INTRODUCTION**

Defendants Cisco Systems, Inc., Fortinet, Inc., International Business Machines Corporation, and Palo Alto Networks move to compel the production of an August 23, 2023 Excel spreadsheet containing a valuation of U.S. Patent Nos. 8,117,399 ("the '399 patent"), 8,504,777 ("the '777 patent"), 9,436,626 ("the '626 patent") and 9,442,870 ("the '870 patent") (collectively, the "Asserted Patents") that was created by a third-party, Dan Feighery (hereinafter, the "Valuation").

Plaintiff EireOg Innovations Ltd. ("EireOg") has improperly refused to produce this document under the guise that it is protected by privilege and the work product doctrine. EireOg's privilege and work product positions are wrong. First, privilege does not apply as there is no established communication between EireOg and its counsel with the primary purpose of seeking legal advice. In any event, any privilege would have been waived by sharing the document with a third party. Second, the work product doctrine is inapplicable here. By its own admission, EireOg's entire business model is to acquire patents for the sole purpose of asserting them in litigation. That being the case, its activities related to assessing possible patents for acquisition to assert in litigation are nothing more than assessments that occur in the ordinary course of EireOg's business—which the work product doctrine does not protect. Even if the work-product doctrine applied, Defendants have a substantial need to secure critical evidence related to the pre-acquisition valuation and assessment of the patents, but have been impeded by EireOg's improper assertions of privilege and work product. Defendants therefore request immediate production of this document.

II.     **FACTUAL BACKGROUND**

EireOg was founded on October 18, 2022. Sarah Frazier Decl. ¶13 (hereinafter Ex. A). It was created for the sole purpose of acquiring patents and then asserting those patents for monetary

gain—in the form of licenses or damages. Ex. A ¶¶9-10. When EireOg was created, ███████████████████████████████████████████████████████████

███████████████████████████████████ *Id*. EireOg's corporate representative and board member, Gerald Padian, ████████████████████████████████████████

█████████████████████████████████████████. *Id*.

Mr. Padian also owns and testified as the corporate representative on behalf of Atlantic IP Services LLC. Ex. A ¶¶6-7. Mr. Padian owns Atlantic IP Services LLC, a New York corporation, which in turn owns Atlantic IP Services Ltd., an Irish entity. Ex. A ¶7. ████████ ███████████████████████████████████████████████████████████ Ex. A ¶8. ████████████████████████████████████████ █████████████████████████████████████████ *Id*.

Relevant to this motion, EireOg is represented by, and its privilege assertions are linked to, BC Law Group. BC Law Group is intricately involved in the business operations of Atlantic IP Services LLC, Atlantic IP Services Ltd, and "Atlantic clients," which includes Mr. Padian's ██ ██████████████████████████████████████████████████████ ████████. Ex. A ¶¶9-11. For example, BC Law Group was involved in the negotiations leading to the acquisition of the Asserted Patents by EireOg, and in identifying an expert to analyze the Asserted Patents prior to acquisition by EireOg. Ex. A ¶11. Brett Cooper, the named partner of BC Law Group, also participates in the bi-annual corporate retreats between Atlantic IP Services LLC and Atlantic IP Services Ltd, where he presents on non-legal issues, like "[t]echnology discussions, the future of different technologies, where those technologies are being utilized, how broadly they're being utilized, what companies are the leaders in those technologies that could be a source of possible acquisitions." *Id*.

In the late summer of 2023, Ocean Tomo, an intellectual property merchant bank, reached out to Atlantic IP Services LLC, with the intention of brokering the sale of a patent portfolio owned by NXP—that portfolio included the Asserted Patents. Ex. A ¶12. At the time, there was no contractual relationship between Atlantic IP Services LLC or Atlantic IP Services, Ltd. on the one hand and EireOg on the other. Ex. A ¶¶17, 20.

On August 23, 2023, Dan Feighery, Atlantic IP Services LLC's Vice President of Finance, created the Valuation of the NXP patent portfolio identified by Ocean Tomo. Ex. A ¶¶4-5. At some point, the Valuation was shared with BC Law Group. Ex. A ¶4. In mid-September 2023, the decision was made as to which of the NXP patents to acquire. Ex. A ¶14. EireOg acquired the Asserted Patents on November 6, 2023—more than 2 months after Mr. Feighery conducted his analysis. Ex. A ¶15.

On November 29, 2023, EireOg entered into a Secondment Agreement with Atlantic IP Services Ltd., whereby Atlantic IP Services Ltd. would provide services and seconded employees to EireOg. Ex. A ¶17. Mr. Padian confirmed that the Commencement Date of the Secondment Agreement was in fact November 29, 2023—three months after Mr. Feighery, an Atlantic IP Services LLC employee, conducted his valuation of the Asserted Patents. Ex. A ¶24. Beyond providing these discrete services, according to Mr. Padian, there is no ownership or control link between Atlantic IP Services Ltd. (or Atlantic IP Services LLC) and EireOg. Ex. A ¶18. Two weeks after the Secondment Agreement was executed, individual agreements contemplated by the Secondment Agreement were entered into between several Atlantic IP Services Ltd. employees and EireOg. Ex. A ¶19. Mr. Feighery did not enter into any of those individual agreements. *Id*.

On April 3, 2024, EireOg filed its complaint in the instant case. During discovery, EireOg supplied a privilege log indicating that Mr. Feighery's August 23, 2023 Excel spreadsheet, which

concerns a valuation of the Asserted Patents, was privileged and protected attorney work product. Ex. A ¶¶4-5. Defendants challenged those protections, including because Mr. Feighery is a third party. Ex. A ¶21. EireOg responded that by function of the November 29, 2023 Secondment Agreement, Mr. Feighery "was working on behalf of and at the direction of EireOg and EireOg's litigation counsel Brett Cooper." Ex. A ¶22. When Defendants pointed out that the Secondment Agreement was not in effect at the time of Mr. Feighery's analysis—EireOg's counsel suggested that the Secondment Agreement effective date was "not definitive." Ex. A ¶23. EireOg's counsel was later proven wrong by Mr. Padian. Ex. A ¶24. Moreover, Mr. Feighery was never a seconded employee of EireOg's. Ex. A ¶21. Nonetheless, EireOg still refused to produce the valuation. Ex. A ¶¶22-23.

### III.    LEGAL STANDARDS

Communication is protected under attorney client privilege if it is: (1) a confidential communication; (2) to a lawyer or his subordinate; and (3) for the ***primary purpose*** of securing either a legal opinion or legal services, or assistance in some legal proceeding. *Equal Emp. Opportunity Comm'n. v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017). "[A]ttorney-client privilege only extends to confidential communications between an attorney and her client that were made in order to obtain legal assistance[,]" and that privilege is "broken if a third party is present." *United States v. Fluitt*, 99 F.4th 753, 764 (5th Cir. 2024). For example, disclosure of confidential documents directly to a third party destroys confidentiality and attorney-client privilege protection for those documents. *United States v. El Paso Co.*, 682 F.2d 530, 540 (5th Cir. 1982).

The work-product doctrine is narrower than attorney-client privilege, protecting materials only prepared "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). In the Fifth Circuit, it must be that litigation was the "***primary motivating purpose***" for preparing the document; if it is instead for an ordinary business purpose, the protection does not apply. *In re Kaiser Aluminum & Chem.*

*Co.*, 214 F.3d 586, 593 (5th Cir. 2000); *TravelPass Group, LLC v. Caesars Enter. Corp.*, No. 5:18-CV-153-RWS-CMC, 2021 WL 4032982, at *14 (E.D. Tex. May 11, 2021); *Elec. Data Sys. Corp. v. Steingraber*, No. 4:02 CV 225, 2003 WL 21653414, at *5 n.3 (E.D. Tex. July 9, 2003).

IV.    **ARGUMENT**

    A.    **Attorney-Client Privilege**

Attorney-client privilege does not apply to the Valuation, and even if it did, that privilege was waived by its disclosure to a third party.

***First***, EireOg has failed to establish that attorney-client privilege applies. EireOg has not established that it made any confidential communication to counsel. Rather, it has only established that an Atlantic IP Services LLC's employee shared a file with Brett Cooper, an attorney often involved in the daily business of Atlantic IP Services LLC. *Supra* pp. 2-3. EireOg has also failed to carry its burden to establish that the "primary purpose" of the Valuation was to secure legal advice as opposed to relating to the business opportunity of acquiring the Asserted Patents. *See United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997). Indeed, simply sharing with Mr. Cooper is insufficient to suggest privilege. *See Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 474 (N.D. Tex. 2004) (holding merely sending to outside counsel insufficient to establish privilege). Because EireOg has failed to carry its burden that attorney-client privilege applies, its privilege assertion fails.

***Second***, even if it was privileged, the privilege waived when the Valuation was disclosed to Mr. Feighery. As EireOg concedes, Mr. Feighery is not an EireOg employee and instead was working in his capacity as an Atlantic IP Services LLC employee; Atlantic IP Services LLC, according to Mr. Padian, has no contractual relationship with EireOg; Mr. Feighery's analysis predates when the Secondment Agreement between Atlantic IP Services Ltd. and EireOg took

effect; and Mr. Feighery is not a seconded employee of EireOg's. *Supra* pp. 1-4. The disclosure of the Valuation to a known third party waived any privilege. *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992).

### B. Work Product

Like attorney-client privilege, the work product doctrine does not apply to Mr. Feighery's valuation, or is at least outweighed by Defendants' substantial need for the information.

***First***, work product protection does not extend to the Valuation because it was made in the ordinary course of EireOg's business: assessing patents for the purpose of asserting them in litigation to secure licenses and damages. "In cases where a litigant is a business specializing in IP monetization, … courts have held communications assessing the business value of patents and even the expectation of recovery from patent litigation targets may constitute business advice, rather than legal advice." *Oxygenator Water Techs., Inc. v. Tennant Co.*, No. 20-CV-358, 2023 WL 11959150, at *3 (D. Minn. July 25, 2023) (collecting cases). That's especially true here where the Valuation was created months before EireOg acquired the patents. *See Thought, Inc. v. Oracle Corp.*, 2014 WL 3940294, at *3 (N.D. Cal. Aug. 11, 2014) (where a party's "'business is to acquire rights and patents and monetize them ... evaluating patents to acquire and targets to assert those patents against' are 'clearly business functions'"). Simply put, generating patent valuations before acquiring patents is a routine business practice for EireOg, whose singular business is to assess patents for asserting in litigation to extract settlements, and if they seem like good candidates for that purpose, acquire and monetize them as planned. Ex. A ¶¶9-10. Sharing these business analyses with BC Law Group does not alone "establish that the [document] contain[s] attorney mental impressions, conclusions, opinions, or legal theories." *ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 242 F.R.D. 357, 361 (E.D. Tex. 2007). Thus, the work product protection does not apply. "This is true 'even if the party is aware that the document may also be

useful in the event of litigation.'" *Pacamor Bearings, Inc. v. Minebea Co., Ltd.*, 918 F.Supp. 491, 512–13 (D. N.H. 1996). To allow EireOg to shield such analyses based on "a mere residual expectation of litigation" is not enough, or else "virtually all" of EireOg's documents "would be protected because [the party asserting work product protection] could always later claim a residual expectation of litigation." *Fenner Invs., Ltd. v. Juniper Network, Inc.*, No. 2:05-CV-5, 2006 WL 8440695, at *1 (E.D. Tex. Sept. 14, 2006). That would further permit EireOg to cherry-pick which documents to withhold from discovery in an abuse of the protection's purpose and scope. *Diagnostics Sys. Corp. v. Symantec Corp.*, No. 06-1211, 2008 WL 9396387, at *7 (C.D. Cal. Aug. 12, 2008) (rejecting "unsupported" and "sweeping application of the work product doctrine" that would permit "virtually all activities engaged in by a company premised entirely on licensing and/or enforcing patents via litigation [to] be classified as 'in anticipation of litigation'").

***Second***, Defendants have a substantial need for the Valuation and have faced undue hardship in attempting to secure this information by other means. Despite depositions and written discovery of EireOg, Atlantic IP Services LLC, and NXP (the patent owner prior to EireOg's acquisition), Defendants understand this is the single evidence of EireOg's pre-acquisition valuation of the patents it acquired from NXP. Ex. A ¶5. The analysis is critical to the damages analysis, both as to how such pre-acquisition valuations were calculated and EireOg's impression as to the valuation of the Asserted Patents compared to each other and other NXP patents EireOg considered.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to compel production of the August 23, 2023 Valuation.

Dated: April 17, 2025

Respectfully submitted,

/s/ Sarah R. Frazier

Melissa R. Smith
GILLAM & SMITH LLP
303 South Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Joseph J. Mueller (*pro hac vice*)
joseph.mueller@wilmerhale.com
Dominic E. Massa (*pro hac vice*)
dominic.massa@wilmerhale.com
Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Sarah R. Frazier (*pro hac vice*)
sarah.frazier@wilmerhale.com
Jason H. Liss (*pro hac vice*)
jason.liss@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Facsimile: (617) 526-5000

Sharchun Dennis Wang
dennis.wang@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Phone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendant International Business Machines Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 17, 2025 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Melissa R. Smith
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 19, 2025 Defendants' counsel met and conferred with Plaintiff's counsel pursuant to Local Rule CV-7 regarding the substance of this motion. Counsel for Plaintiff indicated that Plaintiff opposes this motion.

/s/ Melissa R. Smith
Melissa R. Smith

[redacted]

/s/ Melissa R. Smith
Melissa R. Smith