**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EIREOG INNOVATIONS LTD.<br>v.<br>CISCO SYSTEMS, INC. | Case No. 2:24-cv-00224-RWS-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| EIREOG INNOVATIONS LTD.<br>v.<br>FORTINET, INC. | Case No. 2:24-cv-00225-RWS-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| EIREOG INNOVATIONS LTD.<br>v.<br>INTERNATIONAL BUSINESS MACHINES CORPORATION | Case No. 2:24-cv-00226-RWS-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. EMMETT WITCHEL AND TO STRIKE PORTIONS OF HIS EXPERT REPORTS**

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. "PRACTICING THE PRIOR ART" ........ 1

III. WRITTEN DESCRIPTION ........ 2

IV. CLAIM CONSTRUCTION ........ 4

V. CONCLUSION ........ 5

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*GREE, Inc. v. Supercell Oy* No. 2:19-cv-00200-JRG-RSP, 2021 WL 5154157 (E.D. Tex. Mar. 6, 2021) ........ 5

*Pardalis Technologies v. IBM*, No. 2:22-cv-0452-JRG-RSP, 2024 WL 4329013 (E.D. Tex. 2024) ........ 4

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) ........ 4, 5

*Rivera v. International Trade Commission*, 857 F.3d 1315 (Fed. Cir. 2017) ........ 3, 4

*Trs. of Columbia Univ. in City of New York v. Symantec Corp.*, 811 F.3d 1359 (Fed. Cir. 2016) ........ 4, 5

## I. INTRODUCTION

EireOg's reply (Dkt. 312 ("Reply")) in support of its motion to exclude and strike portions of the testimony of Dr. Emmett Witchel, Defendants' technical expert regarding the '777 patent, rests on critical errors in relation to each issue. First, as to "practicing the prior art," EireOg mischaracterizes both Dr. Witchel's analysis and Defendants' opposition by engaging in precisely the sort of "cherry-picking" it purports to challenge. Second, as to written description, EireOg describes a distorted version of Dr. Witchel's analysis. Third, as to claim construction, EireOg fails to recognize the distinction between non-infringement positions and arguments regarding claim scope, and requests that the Court resolve EireOg's alleged claim construction disputes on a record in which EireOg has identified neither any proposed constructions nor any alleged plain meanings. EireOg's motion (Dkt. 189 ("Mot.")) should be denied for the reasons explained in Defendants' opposition (Dkt. 261 ("Opp.")) and further explained below.

## II. "PRACTICING THE PRIOR ART"

In Dr. Witchel's reports, he provides three separate and detailed limitation-by-limitation analyses. In explaining that "the accused products do not infringe," he analyzes Intel documents and source code Dr. Brogioli cites. Dkt. 261-10 §§ VIII. In explaining that the asserted claims are invalid "[u]nder EireOg's infringement theories" and "under Dr. Brogioli's analysis," he analyzes Intel prior art documents and source code corresponding to the documents and source code Dr. Brogioli cites. Dkt. 261-9 §§ V(A), X; Dkt. 261-10 §§ X(A)-(B). And in explaining that based on "the proper scope of the asserted claims … as they would have been understood to a person of ordinary skill in the art, the asserted claims would have been obvious," he analyzes other, unrelated prior art. Dkt. 261-9 §§ V(B), XI(B)-(J). Dr. Witchel's opinions are entirely consistent with the fundamental truth that a patentee cannot apply the claim language one way to allege

infringement and another to avoid invalidity, with the Federal Circuit's guidance in *01 Communique*, and with this Court's extensive prior application of that guidance. Opp. 8-9.

Aside from generalizations untethered to any specific aspects of Dr. Witchel's analyses, EireOg levies a single complaint: that in relation to certain structural claim requirements, the Intel prior art is not precisely the same as the accused products. Reply 1. EireOg's complaint is irrelevant to EireOg's motion, which is necessarily directed to methodology rather than merits. Regardless, it is telling that EireOg does not dispute that Intel publicly documented the ***same*** instructions and instruction prefixes Dr. Brogioli (wrongly) maps to the claimed and allegedly inventive "decorated access instructions with cache bypass" long before the filing of the application for the '777 patent. Opp. §§ III-IV. Instead, EireOg asserts that Dr. Witchel "does not explain how or whether the" prior art disclosure he cites "meets the specific requirements of the claimed 'system interconnect.'" Reply 1. But the only such requirement is that the "system interconnect" conveys decorated access instructions to a memory controller (Dkt. 261-1 cl. 16), and Dr. Witchel identifies multiple examples of components in Intel's prior art documentation connecting processors to memory controllers.[1] Dkt. 261-9 ¶¶213-215.

## III. WRITTEN DESCRIPTION

As Defendants explained, Dr. Witchel's written description analysis is based on EireOg's and Dr. Brogioli's overly broad view of the scope of the asserted claims, and, accordingly, is consistent with the fact that claim language must be applied the same way for infringement and

[1] The '777 patent never describes a "system interconnect" in any greater detail than is found in claim 16. To the contrary, the '777 patent states that "[b]ecause the apparatus implementing the present invention is, for the most part, composed of electronic components and circuits known to those skilled in the art, circuit details [have] not been explained in any greater extent than … necessary." Dkt. 261-1 at 12:45-52. The patent further explains that the invention can be "implemented using a variety of different information processing systems" and a variety of structures, including "a single integrated circuit" or "any number of separate integrated circuits or separate devices interconnected with each other." Dkt. 261-1 at 11:53-12:27.

invalidity, with the purpose of the written description, and with the Federal Circuit's most pertinent guidance. Opp. § VI. In reply, EireOg offers two arguments; both are unfounded.

***First***, EireOg asserts that Defendants' description of Dr. Witchel's written description analysis as containing no "mention of any accused product" was "demonstrably false" because "reference[s] to accused product features permeate[] [Dr. Witchel's] analysis." Reply 2-3.[2] But it is precisely that distinction—between "accused ***products***" and "accused product ***features***"—that renders Dr. Witchel's written description analysis proper. Dr. Witchel does not compare the accused ***products*** to the specification of the '777 patent in a vacuum; rather, as Defendants explained, he evaluates whether there is written description support for what ***EireOg and Dr. Brogioli*** contend are species of what is claimed based on the ***characteristics*** of the specific ***features*** identified in EireOg's contentions and Dr. Brogioli's opening report. Opp. § VI. For example, Dr. Witchel does ***not*** opine that the claims lack written description support because the specification does not mention the specific "REX, VEX, and EVEX" prefixes Dr. Brogioli cites as "decorations"; rather, he states that Dr. Brogioli identified no evidence that those prefixes are provided to a memory controller, and opines that that the specification does not disclose any example of a "decorated access instruction whose decoration is not provided to the memory controller," like REX, VEX, and EVEX. Dkt. 261-10 ¶249.

***Second***, EireOg is incorrect that in *Rivera*, "[t]he focus of the court was not on whether the 'full scope' of the claim as informed by the infringement case was supported." Reply 3 (quoting *Pardalis Tech. v. IBM*, No. 2:22-cv-0452-JRG-RSP, 2024 WL 4329013, at *2 (E.D. Tex. 2024)). *See Rivera v. Int'l Trade Commission*, 857 F.3d 1315, 1319 (Fed. Cir. 2017) ("Both parties analyze

[2] Contrary to EireOg's inflammatory characterization, Defendants readily acknowledged that Dr. Witchel's written description analysis refers to accused product ***features*** cited by EireOg and Dr. Brogioli. Opp. 10 (discussing "the REX, VEX, and EVEX prefixes").

the written description issue under the assumption that the asserted claims read on [the accused] K2 and K3 cup-shaped containers. The salient feature of the K2 and K3 containers is the integration of the filter into the cup itself, allowing the insertion of loose coffee into the receptacle. The parties agree that nothing in the '320 patent explicitly describes a pod adaptor assembly with a filter integrated into the cartridge."); *id.* at 1320 ("According to [the patentee], this definition [stated in the patent] teaches a broad genus, which provides written description support for the species shown in the specification's embodiments (with a 'pod' including a filter distinct from the cartridge), and the species represented by the accused products (with a filter integral to the cartridge)"); *id.* at 1321 ("Thus, even applying the [patent's] 'broad' definition of 'pod' as 'a package formed of a water permeable material and containing an amount of ground coffee or other beverage therein,' written description support for broad claims covering a receptacle with integrated filter such as Solofill's accused products and Rivera's Eco-Fill products is lacking.").

## IV. CLAIM CONSTRUCTION

EireOg's reply simply reiterates its view that Dr. Witchel improperly advanced "claim construction-based arguments." Reply § III. EireOg remains incorrect. As in its opening brief, EireOg offers only its own inaccurate characterizations, rather than any example of Dr. Witchel offering a legal argument, invoking a principle of claim construction (such as lexicography, disavowal, or claim differentiation), relying on a distinction over prior art in the prosecution history, or opining that an example in the specification is the ***only*** way a particular claim requirement could be satisfied. EireOg cannot identify such examples because they do not exist—Dr. Witchel properly applied plain meaning in forming his non-infringement opinions.[3]

[3] EireOg suggests that absent "disclaimer or lexicography," the specification is irrelevant. Reply 5 (citing *Thorner*). EireOg is incorrect; the plain meaning of claim language takes into account the specification. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (a POSITA "is deemed to read the claim term not only in the context of the particular claim in which the

Defendants identified and described six cases distinguishing between improper claim construction arguments and non-infringement opinions such as Dr. Witchel's. Opp. 13-15. In *GREE, Inc. v. Supercell Oy*, for example, the Court concluded that the technical expert did not engage in "improper claim construction" because explaining why "the accused functionality does not meet the text of [a] limitation" does not amount to opining regarding what the claim "requir[es]." No. 2:19-cv-00200-JRG-RSP, 2021 WL 5154157, at *2 (E.D. Tex. Mar. 6, 2021). EireOg states that "Defendants' authorities are distinguishable" (Reply 5), but does not address five of the six, and its only answer to *Verizon v. Cox* is to assert that Defendants intend to "invite the jury to choose between alternative meanings of technical terms or words of art or to decide the meaning of a particular claim term." Reply 5. Defendants have no such intention, as evidenced by the fact that EireOg has identified no such "meanings" in Dr. Witchel's reports or testimony.

Twice, EireOg has suggested that Dr. Witchel's analysis presents claim construction disputes. Twice, EireOg has not identified any proposed construction or any alleged plain meaning. And twice, EireOg has asked the Court to resolve the alleged claim construction disputes by striking Dr. Witchel's opinions rather than by engaging in the standard claim construction practice of considering evidence. Defendants are, of course, prepared to provide claim construction briefing, but EireOg's motion should be recognized for what it is—a back-door attempt to prevent Defendants from explaining to the jury why they do not infringe.

## V. CONCLUSION

For the reasons above and in Defendants' opposition, Defendants respectfully request that the Court deny EireOg's motion in its entirety.

---

disputed term appears, but in the context of the entire patent, including the specification"). Moreover, the Federal Circuit has explained (post-*Thorner*) that its claim construction "case law does not require explicit redefinition or disavowal." *Trs. of Columbia Univ. in City of New York v. Symantec Corp.*, 811 F.3d 1359, 1363 (Fed. Cir. 2016).

Dated: January 6, 2026

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendants*

David C. Dotson
dcdotson@duanemorris.com
Matthew C. Gaudet
mcguadet@duanemorris.com
Alice E. Snedeker
asnedeker@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, N.E., Suite 1700
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901

Brianna Vinci
bvinci@duanemorris.com
Richard Hughes
rhughes@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Atlanta, Georgia 30309-3929
Telephone: (215) 979-1000
Facsimile: (215) 979-1020

*Counsel for Defendant Fortinet, Inc.*

Joseph J. Mueller (pro hac vice)
joseph.mueller@wilmerhale.com
Dominic E. Massa (pro hac vice) d
dominic.massa@wilmerhale.com
Louis W. Tompros (pro hac vice)
louis.tompros@wilmerhale.com
Sarah R. Frazier (pro hac vice)
sarah.frazier@wilmerhale.com
Jason H. Liss (pro hac vice)
jason.liss@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Facsimile: (617) 526-5000

Mary (Mindy) V. Sooter (pro hac vice)
Mindy.Sooter@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

S. Dennis Wang
dennis.wang@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400

Palo Alto, CA 94306
Phone: (650) 858-6000
Facsimile: (650) 858-6100

Tamir Packin (pro hac vice)
tpackin@desmaraisllp.com
Kerri-Ann Limbeek (pro hac vice)
klimbeek@desmaraisllp.com
Brian Matty (pro hac vice)
bmatty@desmaraisllp.com
Deborah Mariottini (pro hac vice)
dmariottini@desmaraisllp.com
Jun Tong (pro hac vice)
jtong@desmaraisllp.com
Caitrianne Feddeler (pro hac vice)
cfeddeler@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

*Counsel for Defendants Cisco Systems Inc. and International Business Machines Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on January 6, 2026.

/s/ Melissa R. Smith
Melissa R Smith