**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| EIREOG INNOVATIONS LTD., | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:24-cv-00224-RWS-RSP |
| v. | § | |
| | § | (Lead Case) |
| CISCO SYSTEMS INC., | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff EireOg Innovations LTD's ("EireOg") Motion to Exclude Certain Opinions of Dr. Emmett Witchel and to Strike Portions of His Expert Reports. **Dkt. No. 189**. In the Motion, Plaintiff argues that Dr. Witchel's written description and anticipation opinions apply the incorrect legal standard, and that his report offers untimely claim construction opinions. Having considered the Motion, and for the reasons discussed below, the Motion is **DENIED**.

I.      **BACKGROUND**

In the instant Case, EireOg has accused Cisco products that contain certain Intel and AMD chips of infringing U.S. Patent Nos. 8,504,777 ("the '777 patent"), 9,436,626 ("the '626 patent") and 9,442,870 ("the '870 patent") (together, "asserted patents").[1] *See generally* Dkt. No. 1. The asserted patents are generally directed at managing "virtual divisions" of computer chips, which allow each "partition" to operate as a separate machine. As a defense to infringement of the '777 patent, Defendant argues that it lacks adequate written description support, and is anticipated by the prior art. Defendant supports these defenses with testimony from its technical expert, Dr. Witchel.

---

[1] U.S. Patent No. 8,117,399 ("the '399 patent"), is no longer asserted in this Case.

## II.    LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law)

("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## III.   ANALYSIS

### A.   Written Description

Plaintiff argues that Dr. Witchel's written description opinions should be excluded because they improperly compare the written description to the accused products. *Id.* at 2. Plaintiff notes that Dr. Witchel's report admits that his written description opinions are based on "what [Plaintiff's] infringement theories were and the terms that they used and then [he] tried to see if those were supported in the written description of the patent." *Id.* at 2-3. Plaintiff cites Dr. Witchel's testimony, where he purports to admit the asserted claims meet the written description requirement

> Q. … [A]re you offering any opinion that there is a claim limitation of Claim 16 of the '777 patent that is not adequately described in the patent specification such that the claim is invalid under the written description requirement?
>
> A. No. I believe that the claims, as written, can be understood by a person of ordinary skill in the art.

3

Q. You believe that the claims as written are adequately described in the specification such that a person of ordinary skill in the art would understand that the inventors were in possession of the invention?

A. Yes, I believe that they -- they constitute an adequate description of the full scope of what is claimed. Dkt. No. 189-4 at 145:17-146:11.

Plaintiff cites several portions of Dr. Witchel's report, and argues that he improperly compares the accused products to the '777 patent's written description. *See e.g.* Dkt. No. 189 at 3 ("he opines that there is not 'any disclosure in the 777 patent of a decoration being used to alter the number of bytes that are written to the target memory,' which is an aspect of EireOg's infringement theory."). Plaintiff concludes that because Dr. Witchel improperly applies the law, his opinions are improper and should be excluded.

Defendant responds that while Plaintiff is correct to characterize Dr. Witchel's written description opinions as "rooted in [Plaintiff's] infringement theories," Plaintiff is incorrect to argue he directly compares the accused product to the '777 patent's written description. Dkt. No. 261 at 9. Defendant identifies several portions of Dr. Witchel's report to explain that under Plaintiff's infringement theories, the asserted claims lack written description support. *Id.* at 10. Defendant argues this is consistent with the Federal Circuit's requirement that claims be construed the same way for infringement as for invalidity. *Id.*

"A patent may not, like a nose of wax, be twisted one way to avoid anticipation and another to find infringement." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) (citations and internal quotation marks omitted). Plaintiff overlooks the Federal Circuit's clear command that patent terms must be interpreted the same for infringement and invalidity purposes.

Plaintiff provides no evidence to demonstrate that Dr. Witchel makes any direct comparison between the accused products and the '777 patent's written description. Instead, Dr. Witchel made this comparison *through* his written description analysis, as understood by

4

Plaintiff's infringement theories. While Dr. Witchel's analysis strays from his understanding of the '777 patent's claims,[2] he does so to argue that Plaintiff's infringement and invalidity positions are necessarily inconsistent. His conclusion – that if the accused products infringe under Plaintiff's theories, the asserted claims are invalid for lack of written description – is not inconsistent with the Federal Circuit's command. Therefore, the Court finds Dr. Witchel's written description analysis should not be stricken.

**B.      Anticipation**

The same misunderstanding underlies Plaintiff's anticipation argument. Plaintiff argues that Dr. Witchel opines to an improper "practicing the prior art" *infringement* defense, because his anticipation analysis is based on "[Plaintiff's] infringement theories," and not the claims themselves. Dkt. No. 189 at 5.

Patent terms must be interpreted in the same way for infringement and invalidity purposes. *See Amazon*, 239 F.3d at 1351. Therefore, an anticipation analysis may consider the patent claims as informed by Plaintiff's infringement theories. Dr. Witchel's invalidity report seeks to do that. Therefore, the Court finds Dr. Witchel's anticipation analysis should not be stricken on that basis.

**C.      Claim Construction**

*1.      "two operations"*

Plaintiff argues that Dr. Witchel's report improperly adds a limitation to claim 16 of the '777 Patent, that requires "two operations" to perform the claimed "decoration operation." Dkt. No. 189 at 9. Plaintiff adds that Dr. Witchel's report, which purports to interpret the claim's plain meaning, is contradicted by the claim language, which Plaintiff argues contains no mention of a

---

[2] Dr. Witchel's testimony, where he testifies that the claims have proper written description support, merely admits that to *his* understanding, the '777 patent has proper written description support. This testimony does not opine to whether under *Plaintiff's* understanding, outlined in their infringement theories, the '777 patent has proper written description support.

second operation requirement. *Id.* at 9-10. Plaintiff notes that Dr. Witchel provides no "lexicography or disclaimer" to support his theories and instead relies on examples "from the specification." *Id.* Plaintiff argues that this reliance is misplaced, because other examples in the specification "are not associated with multiple operations." *Id.* at 10.

### 2. "decoration operation"

Plaintiff argues that Dr. Witchel's report improperly adds a limitation to claim 16 of the '777 Patent, that requires the claimed "decoration operation" to "result in the memory controller performing an operation that would otherwise be performed by the processor core." Dkt. No. 189 at 11. Plaintiff refutes Dr. Witchel's claim that he opines to the claim's plain meaning and cites to his repeated inability to "provide a citation to any portion of the specification" for his analysis. *Id.* Plaintiff points to the claim language, which does not mention any "operations that would otherwise be performed by the processor core." *Id.* at 12.

### 3. "decoration value"

Plaintiff argues that Dr. Witchel's report improperly adds a limitation to claim 16 of the '777 Patent, that requires a "decoration value" to be provided to the memory controller. Dkt. No. 189 at 13. Plaintiff refutes Dr. Witchel's claim that he opines to the claim's plain meaning and cites to his repeated inability to "provide a citation to any portion of the specification," or "any lexicography or disclaimer in the intrinsic record" that supports his analysis. *Id.* Plaintiff adds that in his deposition, Dr. Witchel admitted that a "decoration value" *may* be included, which Plaintiff argues implies such a value is not required. *Id.* at 14.

### 4. "plain and ordinary" meaning

Defendant responds that Dr. Witchel's non-infringement analysis merely applies the plain and ordinary meaning of claim 16 of the '777 Patent and adds no limitations to the claim. Dkt. No.

261 at 12. Defendant notes that Dr. Witchel's report relies on Plaintiff's infringement theories, along with the '777 Patent's specification and prosecution history, to provide his non-infringement analysis. *Id.* Defendant adds that Dr. Witchel does not "rely on any claim construction or legal argument…principles such as lexicography, disavowal, or claim differentiation, and…any distinctions in the prosecution history over prior art." *Id.* at 13 (cleaned up). Defendant argues that Dr. Witchel's analysis – where he opines the "accused functionality does not meet the text of the limitation" – is repeatedly permitted by courts and does not constitute claim construction. *Id.*

     5.    *Analysis*

The Court finds that Dr. Witchel's infringement report does not improperly perform claim construction. Plaintiff provides several examples of non-infringement opinions "contradicted" by the claim language. However, determining a term's plain and ordinary meaning commonly requires analysis outside the patent's specification. Dr. Witchel's report does not purport to rely on any claim construction methods. Instead, he applies his expertise to the terms' plain and ordinary meaning to form his non-infringement opinions. Because no claim construction arguments were made, Plaintiff's argument fails. Therefore, Dr. Witchel's analysis should not be stricken.

## IV.    **CONCLUSION**

For the reasons discussed above, the Court finds that Plaintiff's Motion should be, and hereby is, **DENIED**.

    **SIGNED this 6th day of April, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE