IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EIREOG INNOVATIONS LTD., | § | |
| *Plaintiff,* | § | |
| | § | Case No. 2:24-cv-00224-RWS-RSP |
| v. | § | |
| | § | (Lead Case) |
| CISCO SYSTEMS INC., | § | |
| *Defendant.* | § | |
| | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff EireOg Innovations LTD's ("EireOg") Motion to Exclude Certain Opinions of Dr. Black and to Strike Portions of His Expert Report. **Dkt. No. 193**. In the Motion, Plaintiff seeks to exclude portions of Dr. John Black's expert report, because his written description invalidity theories and his non-infringement "practicing the prior art" opinions misapply the law. Having considered the Motion, and for the reasons discussed below, the Motion is **DENIED**.

## I.    BACKGROUND

In the instant Case, EireOg has accused certain products of Cisco and the other Defendants that contain Intel and AMD chips of infringing U.S. Patent Nos. 8,504,777 ("the '777 patent"), 9,436,626 ("the '626 patent") and 9,442,870 ("the '870 patent") (together: "asserted patents").[1] *See generally* Dkt. No. 1. The asserted patents are generally directed at managing "virtual divisions" of computer chips, which allow each "partition" to operate as a separate machine. As a defense to infringement of the '626 and '870 patents, Defendants

---

[1] U.S. Patent No. 8,117,399 ("the '399 patent"), is no longer asserted in this Case.

contend that the two patents lack adequate written description support, and that the accused products "practice the prior art." Defendants support these defenses with testimony from their technical expert, Dr. Black.

## II.    **LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry— whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

### III.    ANALYSIS

#### A.    Written Description

Plaintiff argues that Dr. Black's written description analysis should be excluded because he applies the incorrect legal standard. Dkt. No. 193 at 2. For the "interrupt package" and "interrupt controller" terms, Plaintiff argues that Dr. Black's written description analysis

3

impermissibly compares the accused products to the specification, rather than the claimed inventions to the specification. *Id.* at 3.

Defendants argue that Dr. Black's report is based upon Plaintiff and its expert's view of the claim scope. Dkt. No. 262 at 9. Defendants note that Dr. Black's report only maps to the accused products *through* Plaintiff's infringement theories. *Id.* In other words, for each of the "interrupt package" and "interrupt controller" terms, Defendants argue that Dr. Black's report concludes that *Plaintiff's understanding* of each claim term, in light of the accused products, lacks written description support. *Id.* Defendants note that Federal Circuit precedent requires identical claim scope in the infringement and invalidity analysis. *Id.* Defendants argue that because there exists no written description support for the claim terms, as defined by Plaintiff, the claims lack proper written description. *Id.*

The Court finds that Dr. Black's written description analysis should not be stricken. Dr. Black's report concludes that the asserted claims of the '626 and '870 patents are invalid for lack of written description under a proper understanding of the claims. Dkt. No. 193-2, ¶¶ 2095, 2099. As Defendant correctly identified, the Federal Circuit requires identical claim scope for both invalidity and infringement. To be valid, a patent's written description must disclose the whole claim.

Dr Black's report merely analyzes the accused products to determine the claim scope, not for any written description analysis. Dr. Black then uses this claim scope to perform his written description analysis, which finds that such a scope is not supported by the patent's written description. Plaintiff misses this key distinction. Dr. Black's report contends that because Plaintiff's infringement theories necessarily require expansion of the claims beyond

4

the written description, the claims are invalid for lack of written description. Therefore, because Dr. Black compares both the prior art and the accused products to the claims, rather than to each other, his analysis is permissible.

### B.       "Practicing the Prior Art" Defense

In its Motion, Plaintiff argues that portions of Dr. Black's opinions mount an impermissible "practicing the prior art" defense. Dkt. No. 193 at 3. Plaintiff argues that Dr. Black's report "compares the citations in EireOg's Infringement Contentions to the prior art throughout his entire analysis and concludes that the claims are invalid because Intel allegedly practices the prior art." *Id.* at 4-5. Plaintiff points to numerous cases where courts reject similar arguments and argues that allowing such testimony encourages jury confusion regarding the heightened "clear and convincing" standard required to overcome the statutory presumption of validity. *Id.* at 5-6.

Defendants respond that Dr. Black's analysis does not literally find that the accused products practice the prior art. Dkt. No. 262 at 5-6. Instead, Defendant argues that Dr. Black's analysis finds that if the claim terms were interpreted so broadly to encompass the accused products, the prior art would render the claims obvious. *Id.*  Defendant argues that *01 Communique Lab'y, Inc. v. Citrix Sys., Inc.* explicitly permits such analysis. 889 F.3d 735, 742 (Fed. Cir. 2018) (noting that "if a claim term must be broadly interpreted to read on an accused device, then this same broad construction will read on the prior art" is a proper invalidity argument). Defendant points to several district court cases that likewise permit such *invalidity* analysis. *Id.* at 7-8.

5

"A patent may not, like a nose of wax, be twisted one way to avoid anticipation and another to find infringement." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) (citations and internal quotation marks omitted).[2]  Dr. Black's *invalidity* report does not argue that the accused products do not *infringe* because they practice the prior art. Instead, Dr. Black opines that the scope of the asserted claims "under [Plaintiff's] infringement theories" renders these claims anticipated by the prior art. Such opinions are what *01 Communique* specifically permits. Accordingly, his analysis will not be excluded.

## IV.    CONCLUSION

Having considered the Motion, and for the reasons discussed above, the Motion is **DENIED**.

**SIGNED this 6th day of April, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff argues that Dr. Black's report cannot simultaneously disagree with Plaintiff's infringement theory while simultaneously relying on it. Dkt. No. 193 at 6-7. However, Dr. Black's report can address the claims' validity taking into account the claim scope argued by Plaintiff. Otherwise, Plaintiff would hold license to twist the claims without accountability.