**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EIREOG INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-224-RWS-RSP |
| | § | *LEAD CASE* |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

The above-captioned action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). Now before the Court are (1) Plaintiff EireOg Innovations Ltd.'s Objections to the Magistrate's Report and Recommendation ("R&R") Denying-in-Part Plaintiff's Motion for Summary Judgment of No Invalidity of the '777 Patent (Docket No. 455); (2) EireOg's Objections to the Magistrate's Memorandum Order Denying Motion to Exclude Certain Opinions of Dr. Emmett Witchel and to Strike Portions of His Expert Reports (Docket No. 456); and (3) EireOg's Objections to the Magistrate's Report and Recommendation Denying Plaintiff's Motion to Strike Portions of the Report of June Ann Munford (Docket No. 461).

## BACKGROUND

On April 3, 2024, EireOg filed this lawsuit accusing Cisco Systems, Inc. and other Defendants International Business Machines Corporation and Fortinet, Inc. of infringing, *inter alia*, U.S. Patent No. 8,504,777 ("the '777 Patent"). *See* Docket No. 1; No 2:24-CV-225 (Fortinet); No. 2:24-CV-226 (IBM). On December 3, 2025, EireOg filed a (1) Motion to Exclude Certain Opinions of Dr. Emmett Witchel and to Strike Portions of His Expert Reports (Docket No. 189); a (2) Motion for Partial Summary Judgment of No Invalidity of the '777 Patent (Docket No. 190);

and a (3) Motion to Exclude Under *Daubert* and Strike Portions of the Report of June Ann Munford (Docket No. 191). The motions are fully briefed. Docket Nos. 250, 260, 256, 301, 312, 313, 334, 338, 340. The Magistrate Judge entered an Order denying EireOg's motion to strike Dr. Witchel (Docket No. 437) and an R&R denying EireOg's motion to strike Ms. Munford and denying, ultimately, the motion for summary judgment of no invalidity of the '777 Patent (Docket No. 441). The Magistrate Judge only granted the motion for summary judgment (Docket No. 441) with respect to Defendant's AMD-based anticipation theories and "Power7" based obviousness theories that it had dropped. On April 14, 2026, EireOg filed objections to the Magistrate Judge's Order and R&R. Docket Nos. 455–456, 461.

## LEGAL STANDARDS

### I. Standard of Review

When the Court receives objections to a magistrate judge's order addressing non-dispositive motions, the Court reviews the order to see whether any part of it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a) ("The district judge . . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."). When the Court receives objections to a magistrate judge's R&R addressing dispositive motions, the Court conducts a *de novo* review of the objected-to portions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (The district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

### II. Motion for Summary Judgment

Summary judgment exists, in part, "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A court may grant summary judgment when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex*,

477 U.S. at 327. A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co*., 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment "always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The moving party, however, is not required to support its motion with materials negating its opponent's claim where the party in opposition carries the burden of proof at trial. *Celotex*, 477 U.S. at 322–323. Instead, the movant may discharge its burden by showing there is an absence of evidence to support the nonmovant's case. *Id.* at 325; *see also*, *Byers v. Dallas Morning News, Inc*., 209 F.3d 419, 424 (5th Cir. 2000). Where a nonmoving party that carries the burden of proof at trial fails to make a showing sufficient to establish an essential element of its case in response to a motion for summary judgment, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323 (citations omitted).

## III. Motion to Strike

Under Federal Rule of Evidence 702, a qualified expert may testify if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the

evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.

The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 597 (1993). "The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.' " *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief. ' " *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).

"The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*, 685 F.3d at 459 (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)). At base, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015).

## ANALYSIS

The Court addresses EireOg's objections to the Magistrate Judge's rulings on the motions to strike first (Docket Nos. 456, 461), given that EireOg's objections to the Magistrate Judge's R&R on the motion for summary judgment of no invalidity of the '777 Patent (Docket No. 455) turn on whether the Court adopts the Magistrate Judge's rulings on the motions to strike.

## I. Ms. Munford (Docket No. 461)

Defendants offer Ms. Munford as an expert on the dates certain prior art documents were publicly available. *See* Docket No. 191. EireOg moved to strike Ms. Munford's opinions that relied on printouts from the Internet Archive, claiming that the exhibits are inadmissible hearsay and not authenticated. *Id.*

### A. Hearsay

With respect to hearsay, EireOg offers no new arguments in its objections. *See* Docket No. 461 (limiting its objection to whether dates on prior art documents are hearsay or not). As the Magistrate Judge already articulated: "An expert's reasonably relied upon sources need not be admissible in evidence before the jury." Docket No. 441 at 4 (citing Fed. R. Evid. 703). Indeed, courts in this district have determined that experts opining on public availability are permitted to base such opinions on hearsay. *Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-398-JRG-RSP, 2024 WL 3527240, at *5 (E.D. Tex. July 24, 2024). EireOg does not—and likely could not—argue that the Internet Archive printouts are sources not reasonably relied upon.

### B. Authentication

Defendants also produced on surreply a declaration from Mina Ching, a Records Request Processor at the Internet Archive. *See* Docket No. 338-1. The Magistrate Judge accepted the declaration and found that the authentication of printouts from the Internet Archive was therefore proper. Docket No. 441 at 1. In its objections, EireOg argues that Defendants' submission of the Ching Declaration (Docket No. 338-1) was untimely because it was introduced on surreply. Docket No. 461 at 2. Under Federal Rule of Evidence 902(3), the proponent of a self-authenticating record need only make the record and certification available for inspection before the trial or hearing so that the adverse party has a fair opportunity to challenge them. The Ching Declaration was discussed at the second pretrial conference in this case (Docket No. 452 (April 9, 2026 PTC Tr.)

at 97:1–13), and it is being disputed again here after the Magistrate Judge entered his R&R (Docket No. 461 at 2). EireOg has had multiple opportunities to challenge the certification. Therefore, Court sees no issue with the timeliness of the Ching Declaration.

EireOg's final objections with respect to authentication are inapposite. EireOg claims that "[t]o support a publicly available date of PowerISA, the Ching Declaration could have (and should have) attested that PowerISA was *accessed from the archived link* . . . ." Docket No. 461 at 3 (emphasis in original). This is yet another attempt by EireOg to make its "dead links" argument, which the Magistrate Judge already rejected in his R&R. Docket No. 441 at 4 & n. 2 (citing *Mojo Mobility*, 2024 3844961, at *4). Once again, this is not an authentication or admissibility issue, but one of the evidence's reliability.

*    *    *

For the reasons above, the Court hereby **OVERRULES** EireOg's objections (Docket No. 461) to the Magistrate Judge's R&R (Docket No. 441) with respect to Ms. Munford.

## II. Dr. Witchel (Docket No. 456)

EireOg moved to strike Defendant's expert Dr. Witchel and his opinions on written description and anticipation. *See* Docket No. 456. EireOg further moved to strike three of Dr. Witchel's non-infringement opinions that it contends are actually improper claim construction opinions. *Id.* Its objections are directed to the same issues. *Id.*

### A. Written Description

The Federal Circuit has repeatedly explained that patent claims "must be construed the same way for both invalidity and infringement." *See, e.g.*, *01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 743 (Fed. Cir. 2018) (internal citations and quotation marks omitted). Indeed, a patentee must "beware of what [it] asks for" because "a broad claim construction for infringement purposes may ultimately result in a determination of patent invalidity." *Id.* at 742

(citing *Liebel–Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1380 (Fed. Cir. 2007)) (internal quotation marks omitted).

EireOg faults the Magistrate Judge for declining to find that Dr. Witchel improperly compared the specification to the accused products in his written description analysis. Docket No. 456 at 4–5. But nothing the Magistrate Judge stated in his Order was clearly erroneous or contrary to the law. The Magistrate Judge was correct in stating that "Plaintiff provides no evidence to demonstrate that Dr. Witchel makes any direct comparison between the accused products and the '777 patent's written description." Docket No. 437 at 4. All Dr. Witchel did was to compare the specification to the claims, as informed by Plaintiff's infringement theories. That is not improper. *See 01 Communique*, 889 F.3d at 743 (explaining that patent claims must be construed the same way for invalidity and infringement). EireOg's objections do not persuade the Court otherwise, nor does EireOg offer any relevant comparisons. Docket No. 456 at 4–5.

The Court has further reviewed the underlying written description opinions by Dr. Witchel. Docket No. 189-2 (Witchel Opening Report) at ¶¶ 481–489; Docket No. 189-3 (Witchel Rebuttal Report) at ¶¶ 248–254. Dr. Witchel's analysis merely follows the Federal Circuit's requirement that patent claims must be construed the same way for infringement as for invalidity.

### B. Anticipation

The Magistrate Judge applied the same reasoning to Dr. Witchel's anticipation analysis, and he is correct for the same reasons. EireOg claims that Dr. Witchel's anticipation theories are improper "practicing the prior art" defenses. Docket No. 456 at 3–4. The Court has reviewed Dr. Witchel's anticipation opinions. Docket No. 189-2 (Witchel Opening Report) at ¶¶ 198–480, Appendix C; Docket No. 189-3 (Witchel Rebuttal Report) at ¶¶ 165–247. It does not appear that Dr. Witchel is simply asserting that the prior art is the same as the accused products to establish anticipation. *See 01 Communique*, 889 F.3d at 743. Instead, Dr. Witchel embarks on a limitation-

by-limitation analysis. The Court sees this as no different than what happened in *In re Communique*, where the Federal Circuit explained that an accused infringer's invalidity position premised on a patentee's "overbroad application of its claims" "d[oes] not rest on an improper 'practicing the prior art' defense." *Id.* It is not improper for Dr. Witchel to compare the prior art to the claims, as informed by Plaintiff's infringement theories. Again, Dr. Witchel is merely following the Federal Circuit's requirement that claims must be construed the same way for infringement and invalidity. *Id.*

**C. Claim Construction**

Next, EireOg asks the Court to exclude three of Dr. Witchel's non-infringement opinions that it claims are actually belated claim construction theories. Docket No. 456 at 1. EireOg contends that the intrinsic record does not support any of the three theories. *Id.* The Magistrate Judge found that Dr. Witchel's opinions were not improper claim construction. Docket No. 437 at 7. He instead found that Dr. Witchel was determining a term's plain and ordinary meaning, which can require analysis outside of the specification, and applying it to claim 16 of the '777 Patent. *Id.*

The Court agrees. And, interestingly, EireOg does acknowledge portions of the specification that appear to support Dr. Witchel's determinations of a term's plain and ordinary meaning. *See* Docket No. 456 at 2 (citing, *e.g.*, Docket No. 189-03 (Witchel Rebuttal Report) at ¶¶ 73, 77–78 (citing Docket No. 189-5 ('777 Patent) at 2:23–32, 6:53–55); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (a POSITA "is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification."). EireOg criticizes Dr. Witchel's analysis for presenting claim construction disputes but does not identify any proposed constructions of its own or raise a true dispute. But the Court doubts that there is anything here other than Dr. Witchel's non-infringement opinions.

* * *

For the reasons above, the Court hereby **OVERRULES** EireOg's objections (Docket No. 456) to the Magistrate Judge's R&R (Docket No. 437) with respect to Dr. Witchel.

## III. Motion for Summary Judgment (Docket No. 455)

In its objections, EireOg argues that the Court should decline to adopt the Magistrate Judge's R&R (Docket No. 441) as to written description, anticipation, and obviousness over PowerISA. Docket No. 455. Many of EireOg's objections turn on whether the Court adopts the Magistrate Judge's rulings declining to strike Ms. Munford and Dr. Witchel's opinions. *See id.*

### A. Written Description

Because the Court declines to strike Dr. Witchel's written description opinions (*see supra* § II.A), it overrules EireOg's objection (Docket No. 455) as to written description.

### B. Anticipation

Because the Court declines to strike Dr. Witchel's anticipation opinions (*see supra* § II.B), it overrules EireOg's objection (Docket No. 455) as to anticipation.

### C. Obviousness over PowerISA

PowerISA is an IBM document that Dr. Witchel relies upon for a single reference obviousness ground. *See* Docket No. 455 at 2. EireOg argues in its objections that the Court should grant summary judgment of no obviousness because (1) Defendants have not provided any admissible evidence that PowerISA discloses certain claim limitations and (2) Defendants have not provided any admissible evidence that PowerISA is prior art to the '777 Patent. *Id.*

#### 1. "System Interconnect" and "Interface Circuit"

EireOg maintains that Dr. Witchel does not point to any portion of the PowerISA that renders obvious the claimed "system interconnect" or "interface circuit." Docket No. 455 at 2–5. Not so. The Magistrate Judge has already explained that "common sense is an appropriate source

for an obviousness inquiry," which should only be invoked when " 'the [missing] limitation in question [is] unusually simple and the technology particularly straightforward.' " Docket No. 441 at 6 (quoting *Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330, 1338 (Fed. Cir. 2020)). EireOg attempts to caution the Court that the technology involved is not unusually simple or particularly straightforward but does so in a conclusory fashion. Docket No. 455 at 4 (stating that the claim limitations are "complicated" and that the invention is "technically complex" while only pointing to the claim language itself for support). But Dr. Brogioli, EireOg's own technical expert, acknowledges that system interconnects and interface circuits were known before the filing of the '777 Patent. Docket No. 257-1 (Brogioli Tr.) at 241:4–9, 14–19. Meanwhile, Dr. Witchel supports his opinions with a paper published by Mitie et al. in 2006 (Docket No. 190-2 (Witchel Opening Report) at ¶¶ 581–582). EireOg's final argument about Mitie needing to be part of Dr. Witchel's obviousness grounds is inapposite. *Koninklijke Philips*, 948 F.3d at 1338 (explaining that even while presenting a single reference obviousness ground, it was still appropriate for the patent challenger to rely on other prior art to show that a claim limitation was within the general knowledge of a skilled artisan). The Court sees no reason to sustain EireOg's objections and grant summary judgment of no invalidity here.

#### 2. PowerISA as Prior Art

Because the Court declines to strike Ms. Munford's opinions (*see supra* § I), it overrules EireOg's objection as to whether PowerISA is prior art to the '777 Patent.

* * *

For the reasons above, the Court hereby **OVERRULES** EireOg's objections (Docket No. 455) to the Magistrate Judge's R&R (Docket No. 441) with respect to EireOg's motion for summary judgment.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which EireOg objected. Upon such *de novo* review, the Court hereby determines that all of EireOg's objections (Docket No. 455–466, 461) are without merit. The Court finds that the Magistrate Judge's rulings on EireOg's motion for summary judgment (Docket No. 441) are correct. The Court also finds that the Magistrate Judge's rulings on EireOg's motions to strike (Docket Nos. 437, 441) are not clearly erroneous or contrary to law, and therefore will not set them aside. Accordingly, it is

**ORDERED** that EireOg's objections (Docket Nos. 455–456, 461) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation (Docket No. 441) of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that EireOg's Motion to Exclude Certain Opinions of Dr. Emmett Witchel and to Strike Portions of His Expert Reports (Docket No. 189) is **DENIED**.

**ORDERED** that EireOg's Motion for Partial Summary Judgment of No Invalidity of the '777 Patent (Docket No. 190) is the Motion is **GRANTED** as to Defendant's AMD-based anticipation theories and "Power7" based obviousness theories, but otherwise **DENIED**. It is further

**ORDERED** that EireOg's Motion to Exclude Under *Daubert* and Strike Portions of the Report of June Ann Munford (Docket No. 191) is **DENIED**.

**So ORDERED and SIGNED this 17th day of April, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE