## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| EIREOG INNOVATIONS LTD., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-224-RWS-RSP |
| CISCO SYSTEMS, INC., | § § | *LEAD CASE* |
| Defendant. | § § § | |

| | | |
|---|---|---|
| EIREOG INNOVATIONS LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-226-RWS-RSP |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § | *MEMBER CASE* |
| Defendant. | § § § | |

## ORDER

Before the Court is Plaintiff EireOg Innovations, Ltd.'s Motion for Summary Judgment of

No Invalidity Under 35 U.S.C. § 102(g). Docket No. 198.[1] This case was referred to United States

Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). On April 6, 2026, the Magistrate

Judge issued a Report and Recommendation ("R&R"), recommending that the motion be denied.

Docket No. 433. On April 14, 2026, Plaintiff filed its objections to the R&R. Docket No. 457.

---

[1] Given that EireOg has chosen not to pursue the '626 and '870 Patents for trial against Defendant Cisco Systems, Inc. in the lead case (Docket No. 444), the Court only addresses Defendant International Business Machines Corporation in this Order. All citations are in reference to the lead case, No. 2:24-CV-224, unless further specified.

**BACKGROUND**

On April 3, 2024, EireOg filed this lawsuit accusing Defendant International Business Machines Corporation products that contain certain Intel and AMD computer processing units ("CPUs") of infringing U.S. Patent Nos. 9,436,626 ("the '626 Patent") and 9,442,870 ("the '870 Patent") (collectively, "Asserted Patents"). No. 2:24-CV-226, Docket No. 1 at ¶¶ 9, 19, 29. The Asserted Patents are generally directed at managing "virtual divisions" of CPUs, which allow each "partition" to operate as a separate machine. As a defense to infringement of the '626 and '870 Patents, Defendant argues that Intel's "Haswell" chips render these two patents unpatentable under 35 U.S.C. § 102(g) (pre-AIA). Docket No. 198 at 1–2.

**I.    Report and Recommendation of the Magistrate Judge**

On April 6, 2026, the Magistrate Judge issued an R&R, recommending that Plaintiff's motion for summary judgment be denied. *See generally* Docket No. 433. The Magistrate Judge concluded that a genuine dispute of material fact exists as to whether Intel's Haswell chip was "abandoned, suppressed or concealed" within the meaning of § 102(g). *Id.* at 5. The Magistrate Judge noted that "[s]everal facts indicate [Intel's] intent to publicly disclose Haswell," including that Intel filed a patent application that became U.S. Patent No. 8,566,492 ("the '492 Patent") in 2009 and published a manual that disclosed Haswell in 2012. *Id.*

**II.    Plaintiff's Objections**

On April 14, 2026, Plaintiff filed its objections to the Magistrate Judge's R&R. Docket No. 457. Plaintiff urges the Court to decline to adopt the Magistrate Judge's R&R for two reasons. First, Plaintiff argues that while the R&R focused on the disclosure of Intel's Haswell processor generally, the proper legal inquiry is whether Intel "disclosed an invention claimed in the Asserted Patents." *Id.* at 1–3 (citing 35 U.S.C. § 102(g) (pre-AIA); *Net Moneyin Inc. v. Verisign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008)). Second, Plaintiff argues that Intel's intent to disclose the

invention is irrelevant where, as here, "suppression is 'based on an unreasonable delay.' " *Id.* at 3 (quoting *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1038 (Fed. Cir. 2001)).

## ANALYSIS

Plaintiff's first objection lacks merit. While it is true that the R&R refers to the "public[] disclosure [of] Haswell," rather than an "invention" in the Asserted Patents, Plaintiff fails to explain how this undermines the Magistrate Judge's conclusion. Docket No. 433 at 5. Defendant's § 102(g) invalidity defense is predicated on its claims that Intel's Haswell processor, which predated the '626 and '870 Patents, anticipated and rendered obvious the asserted claims. Docket No. 198-2 at 48, 62–63. Defendant's invalidity expert, Dr. John Black, opined in his opening expert report that, based on his analysis of the Intel Haswell processor, the asserted claims in the '626 and '870 Patents are "invalid due to Intel's prior invention." Docket No. 251-4 at ¶¶ 421–692, 1294–1567. In rendering this conclusion, Dr. Black performed a limitation-by-limitation analysis comparing the asserted claims to the inner workings of Intel's Haswell processor. *Id.* And, as Defendants argues in its infringement contentions, "Intel published its invention in U.S. [Patent No.] 8,566,492, which was filed on December 31, 2009 and was published on June 30, 2011, demonstrated Haswell to the public by 2011, and commercially released Haswell by 2013." Docket No. 198-2 at 49. Plaintiff's citations to Dr. Black's deposition and expert report in its objections may be fodder for cross examination, but they do not negate the genuine dispute of material fact that exists regarding whether Haswell, through the '492 Patent and Intel's internal technical documents, disclosed the asserted claims.

Plaintiff's second objection similarly lacks merit. Plaintiff contends that the Magistrate Judge erroneously found "that suppression [under § 102(g)] requires an intent to suppress." Docket No. 457 at 3. The Magistrate Judge found nothing of the kind. Instead, the Magistrate Judge pointed out that Intel's various actions related to the Haswell processor indicated that it intended

Page **3** of **4**

to disclose, rather than conceal, the invention. Docket No. 433 at 5. This casts doubt on Plaintiff's claim that Intel "abandoned, suppressed or concealed" the invention. While Plaintiff argues in its objections that "the 'reasonable' time for Intel to have disclosed 'the invention' has expired," that is a hotly debated issue given that Defendant argues the '492 Patent and the technical documents related to Haswell were ultimately published. Docket No. 457 at 3. Thus, Plaintiff cannot rely on its conclusory assertion that the reasonable time for disclosure has elapsed to support summary judgment here.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (explaining that the district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). After review, the Court concludes that the report and recommendation of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, it is hereby

**ORDERED** that Plaintiff's objections (Docket No. 457) are **OVERRULED**. It is further

**ORDERED** that the April 6, 2026 Report and Recommendation of the Magistrate Judge (Docket No. 433) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiff's Motion for Summary Judgment of No Invalidity Under 35 U.S.C. § 102(g) (Docket No. 198) is **DENIED**.

**So ORDERED and SIGNED this 17th day of April, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE