IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EIREOG INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-224-RWS-RSP |
| | § | *LEAD CASE* |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

The above-captioned action was referred to United States Magistrate Judge Roy S. Payne

pursuant to 28 U.S.C. § 636(b)(1). Now before the Court are Defendants Cisco Systems, Inc.,

International Business Machines Corporation, and Fortinet, Inc.'s "Objections to the Report and

Recommendation Regarding the Parties' Motions Regarding John Ale and Mark Chandler (Docket

No. 467)." Docket No. 489.[1] Also before the Court are EireOg's "Objections to Memorandum

Order Granting in Part and Otherwise Denying Cisco's Motion to Exclude the Improper Opinion

and Testimony of Mark Chandler (Docket No. 467)." Docket No. 492.

## BACKGROUND

On April 3, 2024, EireOg filed this lawsuit accusing Defendants Cisco, IBM, and Fortinet

of infringing, *inter alia*, U.S. Patent No. 8,504,777 ("the '777 Patent"). *See* Docket No. 1; No 2:24-

CV-225 (Fortinet); No. 2:24-CV-226 (IBM). On December 3, 2025, EireOg filed a Motion to

Strike in Part John C. Ale's Expert Report (Docket No. 199) and Defendants filed a Motion to

Exclude the Improper Opinion and Testimony of Mark Chandler (Docket No. 203). The motions

---

[1] The Magistrate Judge entered a Memorandum Order striking testimony of Defendants' contract law expert John Ale and declining to strike testimony of Plaintiff's contract law expert Mark Chandler. Docket No. 467.

are fully briefed. Docket Nos. 243, 252, 296, 309, 339, 344. The Magistrate Judge held a hearing on the motion and requested the parties identify specific paragraphs of their respective expert reports considering his Report on the license defense (Docket No. 435). Docket Nos. 451 (hearing minutes), 448 (Ale), 453 (Chandler). The Magistrate Judge entered an Order granting-in-part and denying-in-part the parties' motions. Docket No. 467. On April 18, 2026, Defendants filed objections to the Magistrate Judge's Order. Docket No. 489. On April 19, 2026, Plaintiff filed objections to the Magistrate Judge's order as to its expert Mark Chandler.

## LEGAL STANDARDS

### I.    Standard of Review

When the Court receives objections to a magistrate judge's order addressing non-dispositive motions, the Court reviews the order to see whether any part of it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a) ("The district judge . . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.").

### II.    Motion to Strike

Under Federal Rule of Evidence 702, a qualified expert may testify if (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.

The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 597 (1993). "The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.' " *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th

Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief. ' " *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).

"The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*, 685 F.3d at 459 (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)). At base, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015).

## ANALYSIS

### I.      "Affiliate" and "Alter Ego"

Defendants object to the Magistrate Judge's Order excluding Mr. Ale's "Affiliate" and "alter ego" opinions, "[f]or the same reasons that Defendants objected to those portions of the Report and Recommendation." Docket No. 489 at 1. In his Order overruling Defendants' objections to the Magistrate Judge's Report and Recommendations, the Court found correct the Magistrate Judge's findings, after a *de novo* review. Docket. No. 484. Because Defendants raise no new arguments not already addressed by the Court, the Court **OVERRULES** Defendants' objection.

### II.     Hypothetical Questions

Defendants object to the Magistrate Judge's Order excluding two paragraphs of Mr. Ale's report, which the Magistrate Judge found opined on improper "hypothetical questions" of law. Docket No. 489 at 1–2. In his Order, the Magistrate Judge relied on *Askanase v. Fatjo*, which distinguished permissible, factual expert testimony from impermissible "disguised" legal

conclusions. 130 F.3d 657, 673 (5th Cir. 1997). The Magistrate Judge concluded that these two paragraphs "improperly answer[] hypothetical questions about the application of law to facts very similar to those in suit." Docket No. 467 at 5.

The Court agrees with the Magistrate Judge's conclusions. While Defendants' objections identify several factual snippets that are permissible on their own, *Askanase* draws a clear distinction between "pure" factual testimony and factual testimony strung together to form legal opinions analogous to the case at issue.[2] As the Magistrate Judge properly concluded, Paragraphs 120 and 123 reach the ultimate *legal* issue in the case "whether contract law allows…delegation and outsourcing." Therefore, the Court **OVERRULES** Defendants' objection.

### III.    Atlantic IP Ireland – RPX Agreement

Defendants object to the Magistrate Judge not excluding testimony by Mr. Chandler, which relies on an unrelated agreement between Atlantic IP Ireland and RPX and allegedly parrots testimony from Gerald Padian, EireOg's founder. Docket. No. 489 at 2. Defendants argue that because Mr. Chandler failed to explain the relevance of this agreement to the license dispute, and because the Atlantic IP Ireland – RPX Agreement is "not at issue," the testimony is improper and that the Magistrate Judge erred in its inclusion. *Id.* Defendants also argue that because "Control" is no longer at issue, reliance on Mr. Padian's testimony is improper. *Id.*

The Court finds that Defendants' objections lack merit. While Plaintiff cannot "bootstrap" language from the Atlantic IP Ireland – RPX Agreement to supplant the Atlantic IP US – RPX Agreement, the former agreement remains as a relevant factual basis for *interpretation* of the latter contract at issue. As the Magistrate Judge correctly identified, Mr. Chandler distinguishes the two

---

[2] The Court notes that Mr. Ale is free to opine to the underlying factual basis for his improper legal conclusions. *See* Docket. No. 199-2 (Ale Report) at ¶¶ 118–119, 121–122. Plaintiff did not challenge, and the Magistrate Judge did not strike, the paragraphs preceding ¶¶ 120 and 123, which form the underlying factual basis for Mr. Ale's improper legal conclusions.

agreements to support his analysis and rebut Mr. Ale's opinions. Such analysis is not improper. Furthermore, Mr. Chandler's reliance on Mr. Padian's testimony is proper because it relates to the live "control" inquiry and speaks to the corporate structure of EireOg in general. *See* Docket No. 203-2 (Chandler Tr.) at 78:13–23. Therefore, the Court **OVERRULES** Defendants' objection.

## IV.    Fiduciary Duties

Defendants object to the Magistrate Judge not excluding Mr. Chandler's fiduciary duty opinions. Docket No. 489 at 4. Defendants raise four objections. *Id.* First, Defendants argue that because Mr. Chandler's fiduciary duties are only relevant to the issue of (uppercase) "Control," which the Court has resolved, Mr. Chandler's testimony is no longer relevant. *Id.* Second, Defendants argue that Mr. Chandler's report fails to identify any relevant control issues. Third, Defendants argue that Mr. Chandler's testimony, which identifies a legal duty that "may exist," amounts to improper legal testimony. *Id.* at 4–5. Finally, Defendants argue that the Magistrate Judge failed to address their argument that "any minimal relevance to Mr. Chandler's opinions on fiduciary duties is outweighed by unfair prejudice." *Id.* at 5.

The Court finds that Defendants' objections lack merit. First, while the Court has resolved the issue of "Control" by adopting the Magistrate Judge's Report and Recommendations on license, the underlying factual basis of that issue remains relevant for ascertaining the degree of "control" exercised by Atlantic IP and its seconded employees over EireOg. Second, the Court clarifies the Magistrate Judge's Order to address Defendants' arguments. The Order reads: "While Mr. Chandler's testimony admits no conflict necessarily exists between 'alleged fiduciary duties and Atlantic IP controlling EireOg,' this testimony does not consider whether any EireOg *board members seconded to Atlantic IP* face such conflicts." Docket No. 467 at 11. The Court notes that the Magistrate Judge's "such conflicts" language refers to "no conflict" raised earlier in the sentence (*i.e.*, this testimony does not consider whether any EireOg *board members seconded to*

*Atlantic IP* face *no conflict*). Relevant to the "control" inquiry is whether a conflict exists, and because Mr. Chandler's testimony fails to indicate that *no* conflict exists, it remains relevant to ascertaining the scope of this conflict, if any. Third, Mr. Chandler's identification of a legal duty does not intrude upon the Court's exclusive role as a finder of law because it merely identifies a legal duty Mr. Ale failed to consider. It does not render any legal conclusions or state what the law is. Finally, in its final sentence, the Magistrate Judge addressed Defendants' "unfair prejudice" argument and found relevant the issue of fiduciary duty. *See* Docket No. 467 at 11. The Court finds that any unfair prejudice under Rule 403 would be outweighed by Mr. Chandler's testimony on fiduciary duty because it remains relevant to whether any conflicts would arise between the seconded employees' duties to EireOg and their employer, Atlantic IP. Therefore, the Court **OVERRULES** Defendants' objection.

## V.    Functional Aspects of the Industry

Defendants object to the Magistrate Judge's Order for not excluding Mr. Chandler's opinions to the "functional aspects of the industry, EireOg, or related companies." Docket No. 489 at 5. Defendants argue this testimony is not "tied" to "the factual issue for the jury . . . whether the asserted patents were directly or indirectly owned, controlled, licensable or in any way enforceable by Atlantic IP Ireland." *Id.* (internal quotes omitted).

Defendants' objections lack merit. In his Report and Recommendation (Docket No. 435) which the Court adopted as its opinion (Docket No. 484), the Magistrate Judge left three factual questions for the jury, all of which relate to the corporate structure of EireOg and similar companies. Other than a single conclusory sentence, which argues the testimony is not tied to *one* of these three issues, Defendants make no argument as to why the Magistrate Judge's Order is "clearly erroneous or is contrary to law." Therefore, the Court **OVERRULES** Defendants' objection.

## VI.    Public Policy and Economic Effects

EireOg objects to the Magistrate Judge's order excluding Mr. Chandler's "public policy and economic effects" testimony. Docket No. 492 at 1. EireOg identifies several portions of Mr. Ale's testimony that they argue is misleading, including "Atlantic IP has never made or sold any products" and "Atlantic IP's sole source of business is 'monetizing patents' developed by others." *Id.* at 1-2 (citing Docket No. 234-3 at ¶ 52). EireOg argues this testimony is necessary to rebut testimony from Defendants' expert, Mr. Ale, who allegedly opines to these excluded topics. *Id.*

EireOg's objections lack merit. The Court agrees with the Magistrate Judge's Order, which permitted testimony regarding "relevant functional aspects of the industry, EireOg, or related companies, within Mr. Chandler's expertise," and excluded "public policy" and "economic effects" testimony by Mr. Chandler. Docket No. 467 at 12. In its motion to strike, EireOg did not seek to exclude any "misleading characterizations" from Mr. Ale's report they now argue requires rebuttal. EireOg cites no caselaw that entitles them to proffer inadmissible expert testimony to rebut another expert. Therefore, the Court **OVERRULES** EireOg's objection.

## VII.    Revenue Sharing

EireOg objects to the Magistrate Judge's Order excluding testimony by Mr. Chandler regarding the revenue sharing agreement within the "Patent Purchase Agreement" between NXP and EireOg. Docket No. 492 at 1. EireOg argues that, because this revenue sharing testimony is relevant to the fact question "of whether the asserted patent is 'controlled, licensable or in any way enforceable'" by Atlantic IP, Mr. Chandler's testimony is necessary to rebut similar testimony from Mr. Ale. *Id.*

The Court agrees with the Magistrate Judge's Order excluding revenue sharing testimony by Mr. Chandler. The parties' briefs dispute whether Mr. Ale opines to the cost to license the Asserted Patents or to their total value. *See* Docket No. 243 at 12; Docket No. 203 at 14-15. Neither

remains relevant to this case. The Magistrate Judge found, and the Court adopted, the findings that the Investment Agreement precludes Atlantic IP from directly licensing EireOg's patents, regardless of the patents' value. *See* Docket Nos. 435 at 9 n.6; Docket No. 484 at 6–8. EireOg's objections fail to convince the Court to the term's remaining relevance and cite no caselaw that entitles them to proffer inadmissible expert testimony to rebut another expert. Therefore, the Court **OVERRULES** EireOg's objection.

## CONCLUSION

The Court has conducted a careful review of those portions of the Magistrate Judge's Order to which Defendants objected. Upon such review, the Court hereby determines that Defendants' objections (Docket No. 489) and EireOg's objections (Docket No. 492) are without merit. The Magistrate Judge's rulings on the parties' motions to strike (Docket No. 467) are not clearly erroneous or contrary to law, and therefore the Court will not set them aside. Accordingly, it is

**ORDERED** that Defendants' objections (Docket No. 489) are **OVERRULED**. It is further

**ORDERED** that EireOg's objections (Docket No. 492) are **OVERRULED**. It is further

**ORDERED** that EireOg's Motion to Strike in Part John C. Ale's Expert Report (Docket No. 199) is **GRANTED-IN-PART** and **DENIED-IN-PART**. It is further

**ORDERED** that Defendants' Motion to Exclude the Improper Opinion and Testimony of Mark Chandler (Docket No. 203) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**So ORDERED and SIGNED this 20th day of April, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE